FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 24 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LUIS MORELLO-CRESPO, a/k/a
LUIS MORELLO CHAVES,

        Petitioner,

    -against-

THE UNITED STATES OF AMERICA,

        Respondent.
----------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

11-CV-2383 (CBA)

AMON, Chief United States District Judge:

    Petitioner Luis Morello-Crespo, a/k/a Luis Morello Chaves, who is currently in custody at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, brings this pro se motion requesting his immediate deportation or removal. Petitioner's request to proceed in forma pauperis is granted, and the motion is denied.

    Petitioner was convicted in this Court on February 10, 2011 of attempting to illegally reenter the United States after having been previously deported, 18 U.S.C. § 1326. United States v. Morello-Crespo, No. 10 CR 591 (CBA). He was sentenced to a two-year term of incarceration, to be followed by a three-year period of supervised release.

    On May 6, 2011, he filed the instant "Notice of Motion for Immediate Deportation." He argues that, pursuant to 8 U.S.C. § 1252(h)(2)(a), as a nonviolent offender, he is entitled to deportation prior to the completion of his sentence of imprisonment.

    Title 8 of the United States Code, Section 1252(h)(2)(a) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and is now codified as 8 U.S.C. § 1231(a)(4). That Section provides, "The Attorney General is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General

determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (ii) removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B).

Under this provision, it is the Attorney General, and not this Court, who has the authority and discretion to grant petitioner the requested relief. Moreover, this provision "does not create a private right of action that would allow a party to compel the Attorney General to act, even to exercise the discretion granted." Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997).

Accordingly, the motion is denied. Jumpp v. United States, No. 10-CV-2346, 2010 WL 2265172, at *1 (E.D.N.Y. June 2, 2010); Lynch v. United States, No. 09-CV-829, 2009 WL 2045382 (E.D.N.Y. July 8, 2009); Gil v. United States, No. 07-CV-3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
June 24, 2011